UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KATHY COOK, on behalf of herself and all other similarly situated persons, | ) ) ) ) | CASE NO. 5:20-CV-445 |
| PLAINTIFFS, | ) ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | MEMORANDUM OPINION AND ORDER |
| BREWSTER CHEESE COMPANY, | ) ) ) ) | |
| DEFENDANT. | ) | |

Now before the Court is the parties' "Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice." (Doc. No. 48 ["Joint Motion"].) The Joint Motion is supported by the "Confidential Joint Stipulation of Settlement and Release." (Doc. No. 49 ["Settlement"].) Because the Court finds that the Settlement represents a fair resolution of plaintiffs' claims, the Joint Motion is granted and the Settlement is approved.

I. **BACKGROUND**

Plaintiff Kathy Cook ("Cook"), on behalf of herself and similarly situated employees (collectively "plaintiffs"), filed a collective action against defendant Brewster Cheese Company ("defendant"), alleging defendant violated the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201 *et seq*.) and the Ohio Minimum Fair Wage Standards Act ("Ohio Wage Laws") (Ohio Rev. Code § 4111 *et seq*.) by failing to pay plaintiffs overtime wages. (Doc. No. 27 (Collective First Amended Complaint ["FAC"]).) In the FAC, Cook also brought individual claims alleging

discrimination under federal and state law.[1] (*Id.*)

Defendant is an Ohio corporation that "engages in the processing of milk, cheese, and whey and the production and packaging of swiss cheese." (FAC ¶¶ 9, 15.) Plaintiffs alleges that defendant has violated the FLSA and Ohio Wage Laws by failing to compensate employees for donning and doffing sanitary and protective equipment and taking required sanitation steps at the start of each shift. Defendant denies that it violated the FLSA and Ohio Wage Laws and disputes the amount of time plaintiffs allege that they spent donning and doffing. (*See generally* Doc. No. 28 (Answer to FAC ["Ans."]).) Defendant also disagrees with plaintiffs on the appropriate limitations period to apply to plaintiffs' claims. (Joint Motion at 336.)

On October 5, 2020, the Court granted in part Cook's motion to conditionally certify the collective. (Doc. No. 25 (Memorandum Opinion and Order ["MOO"]).) In the MOO, the Court conditionally certified the following collective:

> All former and current hourly production employees at defendant's Brewster, Ohio facility who were required to: (1) don and doff personal protective equipment and sanitary gear or otherwise perform mandatory anti-contamination steps; and (2) who worked 40 or more hours in any workweek within three (3) years preceding the date of filing of the motion for conditional certification.

(*Id*. at 200.) After the opt-in period concluded, the membership of the collective totaled thirty-two (32). (Joint Motion at 333.)

In order to avoid the burden, expense, and uncertainty of litigation, the parties agreed to participate in mediation. Prior to mediation, "[d]efendant produced ["plaintiffs'"] time punches,

---

[1] Cook and defendant also settled Cook's individual claims. (Joint Motion at 333 n.1. Page numbers refer to the Page ID # generated by the Court's electronic docketing system.) Court approval is not required for these claims. (*See id*.)

payroll records, and shift schedules for the period from April 10, 2017 through approximately October 2020[.]" (*Id*. at 332.) On March 4, 2021, at the conclusion of a mediation session before Magistrate Judge Carmen E. Henderson, the parties reached a settlement. (*Id*.) On April 5, 2021, the parties filed the present Joint Motion.

II. **APPLICABLE LAW**

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cty. Gov*., No. 06-cv-299, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id*. (quoting 29 U.S.C. § 202).

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods, Inc*., 679 F.2d at 1533. The second exception, applicable here, encompasses instances in which federal district courts approve settlement of suits brought in federal district court pursuant to § 16(b) of the FLSA. *Id*.

In reviewing the settlement of a federal plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours,

3

and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 4:09-cv-1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.* (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement. *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, & Agr. Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).

### III. ANALYSIS

At the outset, the Court finds that the divergent views of the facts and the law presented bona fide disputes that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury. The Joint Motion confirms the same. As set forth above, the parties disagree as to whether plaintiffs were properly compensated for any and all time spent donning and doffing. The parties further disagree as to the appropriate limitations period that applied to plaintiffs' claims. (Joint Motion at 333, 336.)

Having reviewed the terms of the Settlement, the Court finds that the Settlement represents a fair and reasonable resolution to bona fide disputes. Further, the Court notes that the

Settlement was the result of arms-length negotiations between parties that were represented by able counsel. As such, the Court finds no risk of fraud or collusion.

With respect to the monetary awards to plaintiffs, the Settlement provides that plaintiffs will receive fifty (50) minutes of compensation for each disputed week worked (or 10 minutes per day). (Settlement ¶ 20.) The Court agrees with the parties that the anticipated individual settlements, which are appended to the Settlement as Ex. 1, represent an excellent result. Moreover, the Court has taken into account the opinion of counsel in this collective action, who has expressed the opinion that the proposed settlement is a fair and adequate compromise of the disputed claims and in the best interest of the plaintiffs. (Doc. No. 48-2 (Declaration of Matthew J. P. Coffman ["Coffman Decl."]) ¶¶ 15, 18–20.)

As for the award of attorney fees to plaintiffs' counsel, the Court finds that the award, which is supported by a declaration of counsel, is reasonable, taking into consideration the fact that a settlement was reached early in the litigation and the successful outcome provides substantial relief to plaintiffs. (*See id.* ¶¶ 17, 22.) Moreover, the Court notes that the attorney fee award amount aligns with the amounts awarded in other FLSA collective action cases in the Northern District of Ohio. *See White v. Premier Pallet & Recycling, Inc.,* No. 5:18-cv-1460, 2018 WL 4913678, at *3 (N.D. Ohio Oct. 10, 2018) (collecting cases); (Coffman Decl. ¶¶ 17, 22 [collecting cases]).

In addition, the Settlement provides for a service award to plaintiffs' representative, Cook. Such awards are not uncommon, and "courts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Dillsworth v. Case Farms Processing, Inc.*, No. 5:08-cv-

5

1694, 2010 WL 776933, at *7 (N.D. Ohio Mar. 8, 2010) (quoting *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 145 (E.D. Pa. 2000)). Plaintiff Cook played an active role in assisting plaintiffs' counsel. (*See* Coffman Decl. ¶¶ 16, 27.) As such, the Court approves the modest service award set forth in the Settlement to the representative plaintiff in recognition of her service in this action.

### IV. CONCLUSION

For all of the foregoing reasons, the Court approves the Settlement. The claims in plaintiffs' complaint are dismissed with prejudice, and this case is closed.

**IT IS SO ORDERED**.

Dated: April 30, 2021

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**